UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VERONICA G. DAVISON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-181 DRL-SLC |
| RANDY COFFEY *et al.*, | |
| Defendants. | |

OPINION & ORDER

Veronica Davison filed a *pro se* complaint alleging that former Magistrate Judge Randy Coffey and other public officials falsified documents to issue a warrant for her arrest after she failed to appear at a revocation hearing on April 20, 2010. She sues under 42 U.S.C. § 1983 for this alleged misconduct and pursues a legal malpractice claim against her defense lawyer. She moves to proceed *in forma pauperis*.

The court must first determine whether her complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe her complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In a 47-page complaint, Ms. Davison includes a conglomeration of screen shots, internet grabs, letters, court documents, and other

---

[1] Ms. Davison also must sign a complaint, rendering this one deficient. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."). The court needn't ask her to correct this because the complaint states no cognizable claim.

statements that prove difficult to suss out a claim. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Ms. Davison directs the court to "numbered documents," but this runs counter to stating plainly a claim. *See DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999).

The court has reviewed these materials liberally nonetheless. The genesis of her claims relate to April 20, 2010 when Magistrate Judge Randy Coffey granted the government's motion to revoke her home detention and ordered her to report to community corrections or to the Steuben County Jail by April 23, 2010. The state court docket leaves silent whether a hearing occurred on April 20, 2010 but says the government requested detention and the court entered the order.[2] A copy of this order was sent to Ms. Davison and her attorney. Ms. Davison did not surrender on April 23, 2010, a fact she does not contest.

When she failed to surrender, Sergeant Jason Hufnagle (who she calls County Sheriff) signed a probable cause affidavit[3] stating that Ms. Davison did not surrender on April 23, 2021 [ECF 1-1 at 7], information that Kellie Knauer, the Executive Director of Community Corrections, is alleged to have provided [ECF 1-1 at 9]. In the affidavit, Sergeant Hufnagle also said Ms. Davison appeared at the April 20, 2010 hearing, which Ms. Davison contends isn't true [ECF 1-1 at 6-7]. Nevertheless, the operative component of the affidavit was that Ms. Davison did not surrender on April 23, 2010 as ordered by the court.

Relying on this affidavit, Magistrate Judge Coffey signed an arrest warrant on June 17, 2010 [ECF 1-1 at 2]. Over a decade after the arrest warrant issued, County Prosecutor Jeremy Musser (whom she calls Travis) asked to expand its scope on April 15, 2021 [ECF 1-1 at 5]. Ms. Davison contacted Deputy Sheriff Rodney Robinson, Sergeant Mike Meeks, Police Chief Kenneth Whitmire,

---

[2] The court takes judicial notice of the state court docket in *State of Indiana v. Veronica G. Davison*, 76D01-0902-CM-137 (Steuben Sup. Ct. Mar. 1, 2016). *See* Fed. R. Evid. 201(b)(2).

[3] The court construes the probable cause affidavit signed by Sergeant Hufnagle as the warrant to which Ms. Davison references in her claim [ECF 1-1 at 6-7]. An officer otherwise wouldn't sign a warrant. A court does.

Mayor Richard Hickman, and County Commissioner President Wil Howard, and asked these officials to cancel the warrant based on the statement that she appeared at the April 20, 2010 hearing, but these parties did not subsequently intervene [ECF 1-1 at 12-15]. She also alleges that her attorney, Anthony Kraus, withheld information that would have proved her innocence [ECF 1-1 at 11].

The Fourth Amendment is violated "if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue." *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012) (quoting *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003)). Sergeant Hufnagle's statement that Ms. Davison appeared at a hearing on April 20, 2010 was not material or necessary to the warrant being issued. The material fact contained within his probable cause affidavit was that Ms. Davison did not surrender as ordered on April 23, 2010—a fact Ms. Davison does not contest. Because the probable cause affidavit does not violate her Fourth Amendment rights, Ms. Davison has not pleaded a constitutional claim based on Sergeant Hufnagle's actions. *See Twombly*, 550 U.S. at 570.

Because the underlying probable cause affidavit did not violate her constitutional rights, Ms. Davison's subsequent claim against Magistrate Judge Coffey for creating, backdating, and signing a falsified court document—namely a warrant for her failure to surrender herself following a revocation hearing [ECF 1-1 at 1];[4] her claim against Prosecutor Musser for requesting to expand the scope of the warrant [ECF 1-1 at 5]; her claim against Kellie Knauer for informing Sergeant Hufnagle that Ms. Davison did not appear as ordered [ECF 1-1 at 9]; and her claims against Deputy Sheriff Rodney Robinson, Sergeant Mike Meeks, Police Chief Kenneth Whitmire, Mayor Richard Hickman, and County Commissioner President Wil Howard, for not intervening after the warrant was issued, all likewise fail to state a claim [ECF 1-1 at 12-15]. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility

---

[4] She also alleges a different judge, who she does not name as a defendant, is violating her Fourteenth Amendment due process rights by not vacating her warrant [ECF 1-1 at 1]. As this judge is not a party, the court will say no more about it.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Because there is no underlying material misconduct, Mr. Davison's allegations of wrongdoing against these other actors do not meet this burden.

Finally, as to Ms. Davison's attorney, she alleges that Mr. Kraus withheld pertinent information that would have proved her innocence, did not give her fair representation, and was dishonest. However, she provides an exceptionally scarce factual basis to support her allegations of misconduct, stating Mr. Kraus "[r]efused to send my file to me" and "[r]efused to reimburse me" [ECF 1-1 at 11]. These scant whisps of facts constitute the totality of her claim against Mr. Kraus, and do not allow the court to draw the reasonable inference that Mr. Kraus is liable for the alleged conduct. Fed. R. Civ. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 678.

Further, the state court docket reveals that Mr. Kraus moved to withdraw his appearance as counsel for Ms. Davison on May 7, 2010, which the court granted [ECF 1-1 at 10]. This date is important because Indiana requires that tort actions, including attorney malpractice claims, "be commenced within two (2) years after the cause of action accrues." Ind. Code § 34-11-2-4(a); *see also Ruckelshaus v. Cowan*, 963 F.3d 641, 644 (7th Cir. 2020). Mr. Kraus was Ms. Davison's attorney at the time the 2010 arrest warrant was issued [ECF 1-1 at 10]. Therefore, Ms. Davison had two years from the date that she discovered the alleged misconduct to file suit. She waited eleven years and did not provide an explanation for this delay. *See Ruckelshaus*, 963 F.3d at 644 (discovery rule requires actual knowledge or ordinary diligence, which means a person acts "with some promptness where the acts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist" (citation omitted)). And even if she only discovered this alleged misconduct when she received a notice from the court entered on April 16, 2019 [ECF 1-1 at 31], a fact she does not plead but one that could be

4

liberally inferred from her complaint, she waited until May 12, 2021 to file this suit, which likewise exceeded the statute of limitations. Although normally a plaintiff doesn't need to plead around the statute of limitations, when the complaint reveals on its face an untimely claim, such as this one does here, a dismissal is appropriate.

A court must dismiss complaints that are "transparently defective" and thus deficient. 28 U.S.C. § 1915(e)(2)(B); *Hoskins*, 320 F.3d at 763. Ms. Davison's allegations against all defendants (save her attorney) stem from Sergeant Hufnagle's probable cause affidavit, and thus fail to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Her claim against her attorney likewise fails to state a claim for which relief can be granted and is barred by Indiana's statute of limitations. 28 U.S.C. § 1915(e)(2)(B)(ii); Ind. Code § 34-11-2-4(a).

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure her defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, the court is not required to grant leave to amend when such action would be futile. *Hukic v. Aurora Loan Serves.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Because the error identified in the probable cause affidavit was immaterial to the reason the warrant was issued, and her claim against her attorney is time-barred, such an amendment would be futile.

Accordingly, the court DISMISSES WITH PREJUDICE Mr. Davison's complaint [ECF 1] and DENIES her motion to proceed *in forma pauperis* [ECF 2].

SO ORDERED.

October 12, 2021                                             *s/ Damon R. Leichty*
                                                             Judge, United States District Court